FILED

2007 Jul-12  AM 10:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **MIKE RUPLE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO.: CV-_____** |
| | ) |
| **THE HARTFORD,** | ) |
| | ) |
| **Defendant.** | ) |

## NOTICE OF REMOVAL

Defendant Hartford Life and Accident Insurance Company ("Hartford" or "Defendant"), improperly named in Plaintiff's Complaint as The Hartford, hereby files this Notice of Removal of this case from the Circuit Court of Etowah County, Alabama, Case No. CV-07-399 where it is currently pending, to the United States District Court for the Northern District of Alabama. This cause is removable pursuant to 28 U.S.C. § 1331, in that Plaintiff's claims invoke the Court's federal question jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et. seq.* Defendant respectfully shows the Court as follows:

1.      Mike Ruple ("Plaintiff") instituted this civil action in the Circuit Court of Etowah County, Alabama, on June 5, 2007. A true and correct copy of all process and pleadings as served upon Defendant on June 11, 2007 is attached hereto as Exhibit "A" and is incorporated herein by reference.

2.      This action against Defendant could have been originally filed in this Court pursuant to 29 U.S.C. § 1132 in that Plaintiff seeks to recover ERISA benefits under an

01510824.1

employer-sponsored plan and for conduct related to the failure to pay benefits allegedly due to
him under such employer-sponsored plan.

3.      This Notice of Removal is filed within thirty (30) days after receipt by any
Defendant of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of
the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

4.      The United States District Court for the Northern District of Alabama, Middle
Division, is the federal judicial district embracing the Circuit Court of Etowah County, Alabama,
where this suit was originally filed.  Venue is therefore proper under 28 U.S.C. § 81(b)(1) and §
1441(a).

5.      Plaintiff states in his Complaint that he has long-term disability coverage under an
insurance contract. (Compl. at ¶ 1).  In fact, Plaintiff was employed by Dean Foods Company
and is a participant in the Dean Foods Group Long Term Disability Plan, an ERISA governed
employee welfare benefit plan (hereinafter the "Plan") at all times material to this Complaint.
*See* 29 U.S.C. § 1001, *et seq*.  Continental Casualty Company issued a group policy to Dean
Foods Company to insure the long-term disability component of the Plan.  A copy of Group
Insurance Policy Number SR-83100917 is attached hereto as Exhibit "B".  The Policy contains a
"Statement of ERISA Rights" and an ERISA summary plan description.   (Exh. B at pp. 26, 27,
*et. seq.*)

6.      Plaintiff's claim for long-term disability benefits pursuant to ERISA falls squarely
within 29 U.S.C. § 1132(a)(1)(B), ERISA § 502(a)(1)(B).  The District Courts of the United
States are given original jurisdiction over civil actions under ERISA pursuant to 28 U.S.C. §
1331 without respect to the amount in controversy or the citizenship of the parties.  Therefore,

2

this action may be removed to the United States District Court for the Northern District of Alabama, Middle Division, pursuant to the provisions of 28 U.S.C. § 1441(a).

7.     A copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Etowah County, Alabama, as provided by law, and written notice is being sent to Plaintiff's counsel.

8.     Defendant has not sought similar relief.

9.     The prerequisites for removal under 28 U.S.C. § 1441 have been met.

10.    The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Northern District of Alabama, and this cause is removable to the United States District Court for the Northern District of Alabama.

11.    If any question arises as to the propriety of the removal of this action, Hartford respectfully requests the opportunity to present a brief and oral argument in support of its position that this cause is removable. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

**WHEREFORE, PREMISES CONSIDERED,** Defendant Hartford Life and Accident Insurance Company, by and through its counsel, desiring to remove this civil action to the United States District Court for the Northern District of Alabama, Middle Division, being the district and division for the county in which such civil action is pending, pray that the filing of this Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Notice of Removal with the clerk of the Circuit Court of Etowah County, Alabama, shall effect the removal of said civil action to this Honorable Court.

3

William B. Wahlheim, Jr.
John David Collins
Grace Robinson Murphy

Attorneys for Defendant,
Hartford Life and Accident
Insurance Company

**OF COUNSEL:**
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2602
(205) 254-1000

01510824.1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following listed person by placing a copy of the same in the United States mail, postage prepaid and properly addressed, this the 11th day of July, 2007:

Myron K. Allenstein
Rose Marie Allenstein
ALLENSTEIN & ALLENSTEIN, LLC
141 South 9th Street
Gadsden, Alabama 35901
(256) 546-6314 (phone)
(256) 547-7648 (fax)
myron@allenstein.com
rose@allenstein.com

*Grace R. Murphy*
OF COUNSEL

01510824.1

# EXHIBIT A

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

The Hartford
P.O. Box 946710
Maitland, FL  32794-6710

*CV-07-399-ACH D-1*

2. Article Number
   (Transfer from service label)

7006 3450 0001 1772 3934

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ ☐ Agent
                                  ☐ Addressee

B. Received by ( Printed Name )     C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:     ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-154(

| State of Alabama<br>Unified Judicial System<br><br>Form C-34    Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number**<br>CV07-399-RCH |
|---|---|---|

IN THE _____CIRCUIT_____ COURT OF _____ETOWAH_____ COUNTY

**Plaintiff**     MIKE RUPLE     **v. Defendant**     THE HARTFORD

**NOTICE TO** _____ The Hartford, P.O. Box 946710, Maitland, FL 32794-6710

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____MYRON ALLENSTEIN_____ WHOSE

ADDRESS IS _____ 141 S. 9th Street, Gadsden, AL 35901 .

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _____30_____ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☒ Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date __6/5/07__     _Bill  Yates_ By: _CR__
Clerk/Register

NOT FOR CHECK
WRITING PURPOSES

☒ Certified Mail is hereby requested.     _mym allenste_

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____
(Date)

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County, Alabama on _____.
(Date)

~~~~ 2007
BILLY YATES
CLERK, CIRCUIT COURT

Date _____     Server's Signature _____

Address of Server _____     Type of Process Server _____

| State of Alabama<br>Unified Judicial System<br><br>Form ARClv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT – CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>C V 2 0 0 7 3̶9̶9̶ ☐☐ - ☐☐<br>Date of Filing:         Judge Code:<br>Month   Day   Year |
| --- | --- | --- |

**GENERAL INFORMATION**

IN THE CIRCUIT COURT OF _____ ETOWAH COUNTY _____, ALABAMA
(Name of County)

MIKE RUPLE _____ v. _____ THE HARTFORD

| First Plaintiff | **Plaintiff**<br>☐ Business ☑ Individual<br>☐ Government ☐ Other | First Defendant | **Defendant**<br>☑ Business ☑ Individual<br>☐ Government ☐ Other |
| --- | --- | --- | --- |

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) the best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☑ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN (check one):** F ☑ INITIAL FILING   A ☐ APPEAL FROM   O ☐ OTHER: _____
DISTRICT COURT
R ☐ REMANDED   T ☐ TRANSFERRED FROM
OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☐ YES ☑ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
A L L 0 1 6        √6/9/07        _mmm_ _alnfc_
                   Date                 Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED

FILED
JUN 05 2007
BILLY YATES
Cl___

IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

MIKE RUPLE,                          *
                                     *
          Plaintiff,                 *
                                     *
v.                                   *     Case Number: CV-07- _399- ACH_
                                     *
THE HARTFORD,                        *
                                     *
          Defendant                  *

## **COMPLAINT**

### **Count I – LTD Benefits**

1.   Plaintiff has long term disability protection under an insurance contract for which The Hartford assumed liability.

2.   Plaintiff is disabled and entitled to long term disability benefits from The Hartford.

3.   Plaintiff has exhausted all administrative remedies.

4.   CNA previously provided LTD protection for Plaintiff.

5.   CNA terminated LTD benefits on 6/7/02.

6.   Plaintiff was awarded SSA Disability benefits on 9/11/02 with a disability onset of 3/3/01.

7.   Plaintiff is still receiving SSA Disability benefits.

8.   Plaintiff's condition has not improved.

9.   Plaintiff filed suit against CNA for reinstatement of benefits.

10.   Plaintiff filed a Motion for Summary Judgment against CNA on 8/20/03.

11.   The case was submitted for trial on the pleadings as of 5/28/04 in accordance with the pre-trial order of 5/10/04.  (Doc. 35)    JUN 0 5 2007

12.   The case was settled by agreement with CNA paying back benefits and reinstating monthly benefits.  The case against CNA was dismissed on 8/30/04.

13.   After Hartford assumed liability for the claim, Hartford denied benefits on 5/29/06.

WHEREFORE, Plaintiff prays for appropriate equitable relief, attorney fees and costs which are less than $50,000.

MYRON K. ALLENSTEIN (ALL016)
ROSE MARIE ALLENSTEIN (ALL060)
ALLENSTEIN & ALLENSTEIN, LLC
Attorneys for Plaintiff
141 South 9<sup>th</sup> Street
Gadsden, AL  35901
(256) 546-6314
(256) 547-7648 (fax)
myron@allenstein.com
rose@allenstein.com

FILED
JUN 0 5 2007
BILLY YATES
CLERK, CIRCUIT COURT

# EXHIBIT B

# Continental Casualty Company



**CNA**
For All the Commitments You Make®

CNA Plaza                          A Stock Company
Chicago, Illinois 60685

| | |
|---|---|
| **EMPLOYER:** | **Dean Foods Company**<br>**3600 River Road**<br>**Franklin Park, IL 60131-2185** |

| | |
|---|---|
| **POLICY NUMBER:** | SR-83100917 |
| **EFFECTIVE DATE:** | July 1, 1999 |
| **ANNIVERSARY DATE:** | January 1 |

*We* agree with the Employer to insure certain eligible employees of the Employer. *We* promise to pay benefits for loss covered by the policy in accordance with its provisions.

The policy is issued in consideration of the payment of premium and the statements made in the Application.

The policy takes effect on the Effective Date stated above provided at least 75% and a minimum of 25 of the eligible employees enroll on or before such date. All insurance periods will be computed from that date. The policy remains in force for the period for which premium has been paid. It may be renewed for further successive periods by payment of premium as stated in the policy.

All periods of insurance begin and end at 12:01 A.M., Standard Time, at the Employer's address as stated in this contract, and on the application.
DI-1AA

SIGNED FOR THE CONTINENTAL CASUALTY COMPANY

*Bernard L. Hengebaugh*
Chairman of the Board

*Jonathan Kantor*
Secretary

Countersigned by _____
Licensed Resident Agent

# Group Long Term Disability Policy
# This is not a Workers' Compensation Policy

SBDI-P

# TABLE OF CONTENTS

**TITLE**                                                                                                      **PAGE**

*SUMMARY OF BENEFITS* ....................................................................................................................... 3
HOW IS PREMIUM CALCULATED? ........................................................................................................ 6
WHEN IS PREMIUM PAID? ..................................................................................................................... 6
IS PREMIUM PAYABLE WHILE AN EMPLOYEE RECEIVES BENEFITS? ............................................. 6
IS THERE A GRACE PERIOD FOR PREMIUM PAYMENT? .................................................................... 6
WHO MAY CANCEL THE POLICY OR A PLAN UNDER THE POLICY? ................................................. 6
WHAT HAPPENS IF AN INADVERTENT ERROR OCCURS? ................................................................. 7
WILL CERTIFICATES BE ISSUED? ........................................................................................................ 7
ARE *YOU* ELIGIBLE FOR THIS INSURANCE? ....................................................................................... 9
WHEN DOES *YOUR* INSURANCE BECOME EFFECTIVE?..................................................................... 9
WHO PAYS FOR *YOUR* COVERAGE? .................................................................................................. 10
IS PREMIUM PAYABLE WHILE *YOU* RECEIVE BENEFITS? ............................................................... 10
WHAT HAPPENS IF *WE* ARE REPLACING AN EXISTING CONTRACT? ........................................... 10
HOW DO *WE* DEFINE *DISABILITY*? ................................................................................................... 11
WHAT IS THE *ELIMINATION PERIOD* AND HOW IS IT SATISFIED? .................................................. 12
CAN *YOU* SATISFY *YOUR ELIMINATION PERIOD* IF *YOU* ARE WORKING? .................................. 12
WHAT *DISABILITY* BENEFIT ARE *YOU* ELIGIBLE TO RECEIVE? .................................................... 12
WHAT IS *YOUR BENEFIT* AND HOW IS IT CALCULATED? ................................................................ 12
HOW DO *WE* DEFINE EARNINGS? ..................................................................................................... 14
WHAT ARE THE DEDUCTIBLE SOURCES OF INCOME? ..................................................................... 14
WHAT OTHER SOURCES OF INCOME ARE NOT DEDUCTIBLE?........................................................ 15
CAN *YOU* WORK AND STILL RECEIVE BENEFITS? ........................................................................... 15
WHAT IS THE MINIMUM *MONTHLY BENEFIT* PAYABLE UNDER THIS PROGRAM? ........................ 16
WHAT HAPPENS IF *YOUR* OTHER BENEFITS INCREASE? .............................................................. 16
HOW LONG WILL *YOU* RECEIVE BENEFITS UNDER THIS PROGRAM? .......................................... 16
WHAT HAPPENS IF *YOUR DISABILITY* RECURS? ............................................................................. 17
WHAT ARE THE EXCLUSIONS AND LIMITATIONS UNDER THIS PROGRAM? ................................... 17
HOW ARE SUBSTANCE ABUSE CLAIMS HANDLED? ......................................................................... 18
WHEN WILL *YOUR* INSURANCE TERMINATE? .................................................................................. 18
WHAT ARE *YOUR* CONVERSION OPTIONS IF *YOU* END EMPLOYMENT? ..................................... 18
WHAT HAPPENS IF *YOU* DIE WHILE RECEIVING BENEFITS? .......................................................... 19
WHAT OTHER SERVICES ARE AVAILABLE TO *YOU* WHILE *YOU* ARE *DISABLED*? ..................... 19
PRESUMPTIVE DISABILITY .................................................................................................................. 20
WHAT ARE THE CLAIM FILING REQUIREMENTS? .............................................................................. 20
TIME AND PAYMENT OF CLAIM........................................................................................................... 22
WHAT ARE THE UNIFORM PROVISIONS?............................................................................................ 22
SUBROGATION / RIGHT OF REIMBURSEMENT................................................................................... 23
FRAUD ................................................................................................................................................... 23
GENERAL PROVISIONS......................................................................................................................... 23
GLOSSARY ............................................................................................................................................ 24
ERISA..................................................................................................................................................... 26
APPLICATION ........................................................................................................................................ 29

Note:  All terms in *italics* are listed and defined in the Glossary or within the policy itself.
DI-2AA

**SUMMARY OF BENEFITS**
Effective As Of: July 1, 1999

## LONG TERM DISABILITY PLAN

**Policy Effective Date:**      July 1, 1999

**Policy Number:**      SR-83100917

**Class 1**

**Eligibility:**      All active, full-time Corporate Officers of Dean Foods Company who are *Actively at Work* for the Employer.

**Class 2**

**Eligibility:**      All active, full-time Salaried and Non-Union Hourly Employees of Dean Foods Company and its Subsidiaries, Affiliates and Locations (Corporate, Dairy, Pickle & Specialty Business Units, T.G. Lee, McArthur Dairies and Union Employees of Benton Harbor) who are *Actively at Work* for the Employer.

**Class 3**

**Eligibility:**      All active, full-time Union employees of Dean Pickle & Specialty Products Company located in Atkins, Arkansas who are *Actively at Work* for the Employer.

**Class 4**

**Eligibility:**      All active, full-time Union Employees of Ryan Foods located in Murray, Kentucky who are *Actively at Work* for the Employer.

**Class 1 & 2 & 3**

**Definition of Full-time:**      Employees must be working at least 30 hours per week.

**Class 4**

**Definition of Full-time:**      Employees must be working at least 40 hours per week.

**Class 3**

**Waiting Period:**      For employees in an eligible group on or before July 1, 1999:  90 Days of continuous active, full-time employment.
For employees entering an eligible group after July 1, 1999:  90 Days of continuous active, full-time employment.

3

**Class 4**

**Waiting Period:**     For employees in an eligible group on or before July 1, 1999:  30 Days of continuous active, full-time employment.
For employees entering an eligible group after July 1, 1999:  30 Days of continuous active, full-time employment.

**Class 1 & 2**

**Waiting Period:**     None

**Class 1 & 2 & 3**

**Elimination Period:**     180 Days

**Class 4**

**Elimination Period:**     The greater of the Maximum Duration of Benefits under the Loss of Time Insurance coverage, or 180 Days

**Class 1**

**Monthly Benefit:**     60% of *Monthly Earnings* to a maximum benefit of $15,000.00 per month subject to reduction by deductible sources of income or *Disability Earnings*.

**Class 2**

**Monthly Benefit:**     60% of *Monthly Earnings* to a maximum benefit of $5,000.00 per month subject to reduction by deductible sources of income or *Disability Earnings*.

**Class 3**

**Monthly Benefit:**     50% of *Monthly Earnings* to a maximum benefit of $1,500.00 per month subject to reduction by deductible sources of income or *Disability Earnings*.

**Class 4**

**Monthly Benefit:**     60% of *Monthly Earnings* to a maximum benefit of $800.00 per month subject to reduction by deductible sources of income or *Disability Earnings*.

**Class 3 & Class 4**

**Social Security Offset Method:**     Family Social Security

**Class 1 & Class 2**

**Social Security Offset Method:**     Excess of 60% from all sources.

**Class 1 & Class 2 & Class 3**

**Employer Contribution:**     0% of premium

**Class 4**

**Employer Contribution:**     100% of premium

**Class 1 & Class 2 & Class 3**

| Maximum Period Payable: | Age on Date *Disability* Commences | Maximum Period Payable |
|---|---|---|
| | 61 years or younger | To the *Insured Employee's* 65th birthday |
| | 62 years | 42 months |
| | 63 years | 36 months |
| | 64 years | 30 months |
| | 65 years | 24 months |
| | 66 years | 21 months |
| | 67 years | 18 months |
| | 68 years | 15 months |
| | 69 years or older | 12 months |

**Class 4**

| Maximum Period Payable: | Age on Date *Disability* Commences | Maximum Period Payable |
|---|---|---|
| | Before age 60 | To the *Insured Employee's* 65th birthday |
| | On or after age 60 but before age 65 | To the later of the *Insured Employee's* 65th birthday or the date of the 36th monthly benefit payment. |
| | On or after age 65 but before age 69 | To the earlier of the *Insured Employee's* 70th birthday or the date of the 24th monthly benefit payment. |
| | 69 years or older | 12 months |

**Other features:**

|  |  |
|---|---|
| | Waiver of Premium |
| | Work Incentive Benefit |
| | Minimum Benefit |
| | Recurrent Disability |
| Class 4 | Conversion Option |
| Class 1 & Class 2 & Class 3 | Survivor Benefit |
| | Worksite Modification Benefit |
| | Vocational Rehabilitation Service |
| | Social Security Assistance |
| Class 1 & Class 2 | Presumptive Benefit |
| | Continuity of Coverage |

**This Summary of Benefits cancels and replaces all other Summaries previously issued under the policy.  It outlines the policy features.  The following pages provide a complete description of the provisions of the policy.**
SOBP

**Class 1**

### HOW IS PREMIUM CALCULATED?

Premium is calculated by multiplying the total insured *Monthly Earnings* by .0046.  Do not include *Monthly Earnings* for any individual in excess of $25,000.00 per Month in the premium calculation.

**Class 2**

### HOW IS PREMIUM CALCULATED?

Premium is calculated by multiplying the total insured *Monthly Earnings* by .0046.  Do not include *Monthly Earnings* for any individual in excess of $8,333.33 per Month in the premium calculation.

**Class 3**

### HOW IS PREMIUM CALCULATED?

Premium is calculated by multiplying the total insured *Monthly Earnings* by .0046.  Do not include *Monthly Earnings* for any individual in excess of $3,000.00 per Month in the premium calculation.

**Class 4**

### HOW IS PREMIUM CALCULATED?

Premium is calculated by multiplying the total insured *Monthly Earnings* by .0046.  Do not include *Monthly Earnings* for any individual in excess of $1,333.33 per Month in the premium calculation.

### WHEN IS PREMIUM PAID?

The policy is issued in consideration of the payment in arrears of the monthly premium.  The monthly premium is calculated at the premium rate stated above.  Such payment must be made within 20 days after the end of each monthly premium accounting period and must be accompanied by a premium adjustment report.

If an addition, termination or change in insurance takes place other than on a regular due date, any premium adjustment will take effect on the next due date.

If notice of termination or change is received more than six months after the termination or change became effective, *We* are not required to give a refund or credit for the period in excess of six months.
DI-3AA

### IS PREMIUM PAYABLE WHILE AN EMPLOYEE RECEIVES BENEFITS?

*We* will waive premium for an *Insured Employee* during the period of *Disability* for which the *Monthly Benefit* is payable under the policy.  Premium payment is required during the *Insured Employee*'s *Elimination Period*.  During this period, the *Insured Employee*'s insurance will remain in force.  This provision is subject to the Termination of Employee's Insurance provision, except for payment of premium.
DI-4AA

### IS THERE A GRACE PERIOD FOR PREMIUM PAYMENT?

Yes.  A grace period of 31 days from the date premium is due is allowed for the payment of premium.  The policy will remain in force during the grace period.  The Employer is liable for all premiums due for the period the policy remains in force including the grace period, if it applies.
DI-5AA

### WHO MAY CANCEL THE POLICY OR A PLAN UNDER THE POLICY?

The policy or a plan under the policy can be canceled by the Employer.
*We* may only cancel or offer to modify the policy if:
1.  there is less than 75% participation of those eligible employees who pay all or part of their premium for a plan; or
2.  there is less than 100% participation of those eligible employees for an Employer paid plan;
3.  the Employer does not promptly provide *Us* with information that is reasonably required;
4.  the Employer fails to perform any of its obligations that relate to the policy;
5.  fewer than 10 employees are insured under the policy;
6.  the Employer fails to pay any premium within the 31 day Grace Period.

6

If *We* cancel the policy, for reasons other than the Employer's failure to pay premium, a written notice will be delivered to the Employer at least 31 days prior to the cancellation date.
DI-7AA

## WHAT HAPPENS IF AN INADVERTENT ERROR OCCURS?

Clerical error or omissions will not: (1) deprive an employee of insurance which would otherwise have been granted; or (2) effect or continue insurance which otherwise would not be in force.  An adjustment of premium will be made.
DI-8AA

## WILL CERTIFICATES BE ISSUED?

*We* will deliver certificates of insurance to the Employer for issuance to each *Insured Employee*.  The certificates will describe the benefits, to whom they are payable, the policy limitations and where the policy may be inspected.
DI-9AA

# Continental Casualty Company



**For All the Commitments You Make®**

CNA Plaza    A Stock Company
Chicago, Illinois 60685

Having issued Policy No. SR-83100917 to

**Dean Foods Company**
(Herein called the Employer)

CERTIFIES that *You* are insured provided that *You* qualify under the ELIGIBILITY provision, become insured and remain insured in accordance with the terms of the policy.  *Your* insurance is subject to all the definitions, limitations and conditions of the policy.  It takes effect on the effective date indicated in the EFFECTIVE DATE provision.  This certificate, however, is not the policy.  It is merely evidence of insurance provided under the policy.  The policy can be amended by mutual consent between the Employer and *Us*.

This certificate replaces and cancels any other certificate previously issued to *You* under the policy.
CDI-1AA

The policy is delivered in and is governed by the laws of the governing jurisdiction and to the extent applicable by the Employee Retirement Income Security Act of 1974 (ERISA) and any amendments.   When making a benefit determination under the policy, *We* have discretionary authority to determine *Your* eligibility for benefits and to interpret the terms and provisions of the policy.
CDI-2AA

*Bernard L. Hengesbaugh*

Chairman of the Board

# Group Long Term Disability Certificate
# This is not a Workers' Compensation Certificate

SBDI-C

8

### Class 1

### ARE *YOU* ELIGIBLE FOR THIS INSURANCE?

All active, full-time Corporate Officers of Dean Foods Company who are *Actively at Work* for the Employer and who have completed the waiting period required by the Employer.  The waiting period is stated in the *Summary of Benefits.*

A "full-time" employee is one who regularly works a minimum of 30 hours per week for the Employer.  Part-time, seasonal and temporary employees are not eligible.
CDI-4AA

### Class 2

### ARE *YOU* ELIGIBLE FOR THIS INSURANCE?

All active, full-time Salaried and Non-Union Hourly Employees of Dean Foods Company and its Subsidiaries, Affiliates and Locations (Corporate, Dairy, Pickle & Specialty Business Units, T.G. Lee, McArthur Dairies and Union Employees of Benton Harbor) who are *Actively at Work* for the Employer and who have completed the waiting period required by the Employer.  The waiting period is stated in the *Summary of Benefits.*

A "full-time" employee is one who regularly works a minimum of 30 hours per week for the Employer.  Part-time, seasonal and temporary employees are not eligible.
CDI-4AA

### Class 3

### ARE *YOU* ELIGIBLE FOR THIS INSURANCE?

All active, full-time Union employees of Dean Pickle & Specialty Products Company located in Atkins, Arkansas who are *Actively at Work* for the Employer and who have completed the waiting period required by the Employer.  The waiting period is stated in the *Summary of Benefits.*

A "full-time" employee is one who regularly works a minimum of 30 hours per week for the Employer.  Part-time, seasonal and temporary employees are not eligible.
CDI-4AA

### Class 4

### ARE *YOU* ELIGIBLE FOR THIS INSURANCE?

All active, full-time Union Employees of Ryan Foods located in Murray, Kentucky who are *Actively at Work* for the Employer and who have completed the waiting period required by the Employer.  The waiting period is stated in the *Summary of Benefits.*

A "full-time" employee is one who regularly works a minimum of 40 hours per week for the Employer.  Part-time, seasonal and temporary employees are not eligible.
CDI-4AA

### Class 1 & Class 2 & Class 3

### WHEN DOES *YOUR* INSURANCE BECOME EFFECTIVE?

If *You* enroll on or before the Policy Effective Date, *Your* insurance shall take effect on such Date.  If *You* enroll after the Policy Effective Date but within 30 days of becoming eligible, *Your* insurance will take effect on the date *Your* signed enrollment form is received by *Your* Employer.

If *You* enroll more than 30 days after becoming eligible, *Your* insurance will take effect after *We* approve such evidence of insurability as *We* may require.  *You* will be notified of *Your* effective date.

If, because of *Injury* or *Sickness*, *You* are eligible but not *Actively at Work* on the date the insurance would otherwise take effect, it will take effect on the day after *You* return to *Active Work* for a continuous period equal to the time *You* were not *Actively Working*.  This return to *Active Work* requirement will not exceed 30 days.
CDI-5AA

**Class 4**

## WHEN DOES *YOUR* INSURANCE BECOME EFFECTIVE?
If *You* are eligible as of the Policy Effective Date, *Your* insurance shall take effect on such Date.  If *You* become eligible after the Policy Effective Date, *Your* insurance shall become effective on the date the eligible employee satisfies the service requirement.

If, because of *Injury* or *Sickness*, *You* are eligible but not *Actively at Work* on the date the insurance would otherwise take effect, it will take effect on the day after *You* return to *Active Work* for a continuous period equal to the time *You* were not *Actively Working*.  This return to *Active Work* requirement will not exceed 30 days.
CDI-5AA

**Class 4**

## WHO PAYS FOR *YOUR* COVERAGE?
*Your* employer pays the entire cost of *Your* coverage.
CDI-6AA

**Class 1 & Class 2 & Class 3**

## WHO PAYS FOR *YOUR* COVERAGE?
*You* pay the entire cost of *Your* coverage.
CDI-6AA

## IS PREMIUM PAYABLE WHILE *YOU* RECEIVE BENEFITS?
*We* will waive premium for *You* during the period of *Disability* for which the *Monthly Benefit* is payable under the policy.  Premium payment is required during *Your* *Elimination Period*.  During this period, *Your* insurance will remain in force.  This provision is subject to the Termination of Employee's Insurance provision, except for payment of premium.
CDI-6BA

## WHAT HAPPENS IF *WE* ARE REPLACING AN EXISTING CONTRACT?
### Effect on *Actively at Work* Provision
If *You* were insured under the Prior Policy on the day before the effective date of the policy, *You* may be covered by the policy even if *You* fail to satisfy the *Actively at Work* requirement as stated in the ARE YOU ELIGIBLE FOR THIS INSURANCE? provision.  *You* will receive credit for time covered under the Prior Policy.  This credit will be applied toward satisfaction of service waiting periods, *Elimination Period*s or any other periods of the same or similar provisions under the policy.

### Effect on Benefits
If *You* do not satisfy the *Actively at Work* requirement,  *You* may still be eligible for benefits under the policy as follows:  The benefits payable under the policy will be the benefit which would have been payable under the terms of the Prior Policy if it had remained in force.  The benefits payable under the policy will be reduced by any benefits paid under the Prior Policy for the same *Disability*.

Benefits will end on the earliest of the following:
1.  the date that benefits would terminate in accordance with the provisions of the policy; or
2.  the date that benefits would terminate under the Prior Policy if it had remained in force.

The "Prior Policy" is the group disability insurance policy issued to the Employer by Continental Casualty Company whose coverage terminated as of the Effective Date of the policy.
CDI-7AA

### Effect on *Pre-existing Conditions*
*You* will receive credit toward satisfaction of the *Pre-existing Condition* time periods under the policy for the time *You* were covered under the Prior Policy.  If, after applying the time covered under the Prior Policy, *Your* *Disability* is due to a *Pre-existing Condition*, benefits shall be the lesser of:
1.  the benefits payable under the policy; or
2.  the benefits that would have been payable under the Prior Policy if it had remained in force, taking into account the *Pre-existing Condition* provision, if any, of the Prior Policy.
CDI-8AA

## HOW DO *WE* DEFINE *DISABILITY*?

*Disability* or *Disabled* means that *You* satisfy the Occupation Qualifier or the Earnings Qualifier as defined below.
CDI-9AA

### Class 1 & Class 2 & & Class 4

#### Occupation Qualifier

"*Disability*" means that during the *Elimination Period* and the following 36 months, *Injury* or *Sickness* causes physical or mental impairment to such a degree of severity that *You* are:
1. continuously unable to perform the *Material and Substantial Duties* of *Your Regular Occupation*; and
2. not working for wages in any occupation for which *You* are or become qualified by education, training or experience.
CDI-10AA

### Class 3

#### Occupation Qualifier

"*Disability*" means that during the *Elimination Period* and the following 24 months, *Injury* or *Sickness* causes physical or mental impairment to such a degree of severity that *You* are:
1. continuously unable to perform the *Material and Substantial Duties* of *Your Regular Occupation*; and
2. not working for wages in any occupation for which *You* are or become qualified by education, training or experience.
CDI-10AA

### Class 1 & Class 2 & Class 4

After the *Monthly Benefit* has been payable for 36 months, "*Disability*" means that *Injury* or *Sickness* causes physical or mental impairment to such a degree of severity that *You* are:
1. continuously unable to engage in any occupation for which *You* are or become qualified by education, training or experience; and
2. not working for wages in any occupation for which *You* are or become qualified by education, training or experience.
CDI-11AA

### Class 3

After the *Monthly Benefit* has been payable for 24 months, "*Disability*" means that *Injury* or *Sickness* causes physical or mental impairment to such a degree of severity that *You* are:
1. continuously unable to engage in any occupation for which *You* are or become qualified by education, training or experience; and
2. not working for wages in any occupation for which *You* are or become qualified by education, training or experience.
CDI-11AA

#### Earnings Qualifier

*You* may be considered *Disabled* during and after the *Elimination Period* in any Month in which *You* are *Gainfully Employed*, if an *Injury* or *Sickness* is causing physical or mental impairment to such a degree of severity that *You* are unable to earn more than 80% of *Your Monthly Earnings* in any occupation for which *You* are qualified by education, training or experience. On each anniversary of *Your Disability*, *We* will increase the *Monthly Earnings* by the lesser of the current annual percentage increase in CPI-W, or 10%.

*You* are not considered to be *Disabled* if *You* earn more than 80% of *Your Monthly Earnings*. Salary, wages, partnership or proprietorship draw, commissions, bonuses, or similar pay, and any other income *You* receive or are entitled to receive will be included. Sick pay and salary continuance payments will not be included. Any lump sum payment will be prorated, based on the time over which it accrued or the period for which it was paid.
CDI-13AA

**LOSS OF PROFESSIONAL LICENSE OR CERTIFICATION**
If *You* require a professional license or certification for *Your* occupation, loss of that professional license or certification does not in and of itself constitute *Disability* under the Occupation Qualifier or the Earnings Qualifier.
CDI-14AA

**WHAT IS THE *ELIMINATION PERIOD* AND HOW IS IT SATISFIED?**
The *Elimination Period* begins on the day *You* become *Disabled*. It is a period of continuous *Disability* which must be satisfied before *You* are eligible to receive benefits from *Us*. *You* must be continuously *Disabled* through *Your Elimination Period*.

If *You* temporarily recover and return to work, *We* will treat *Your Disability* as continuous if *You* return to work for a period of less than one-half the *Elimination Period* as shown in the *Summary of Benefits* not to exceed 90 days. The days that *You* are not *Disabled* will not count toward *Your Elimination Period*.

Any increases *You* receive in *Monthly Earnings* during *Your* return to work period will not be taken into consideration when calculating *Your Monthly Benefit*.

If *You* return to work for a period greater than one-half the *Elimination Period*, or 90 days, whichever is less, and become *Disabled* again, *You* will have to begin a new *Elimination Period*.

**CAN *YOU* SATISFY *YOUR ELIMINATION PERIOD* IF *YOU* ARE WORKING?**
Yes, provided *You* meet the definition of *Disability*.
CDI-15AA

**WHAT *DISABILITY* BENEFIT ARE *YOU* ELIGIBLE TO RECEIVE?**
If *You* are *Disabled*, *You* are eligible to receive one of the following at any given time: a *Monthly Benefit* or a Work Incentive Benefit. While *You* are *Disabled*, *You* might be eligible to receive one or the other of the above, but *You* cannot receive more than one of these benefits at the same time.
CDI-16AA

**Class 1**

**WHAT IS *YOUR BENEFIT* AND HOW IS IT CALCULATED?**
*We* will calculate *Your Monthly Benefit* amount as follows:
1. Multiply *Your Monthly Earnings* by 60%.
2. The maximum *Monthly Benefit* is $15,000.00.
3. Compare the answers from Item 1 and Item 2: The lesser of these two amounts is *Your* gross *Monthly Benefit*.
4. Deduct other sources of income from *Your* gross *Monthly Benefit*. The resulting figure is *Your* net *Monthly Benefit*.

*We* will pay the *Monthly Benefit* for each Month of *Disability* which continues after the *Elimination Period*. The *Monthly Benefit* will not be payable during the *Elimination Period* nor beyond the *Maximum Period Payable*.

If a benefit is payable for less than one month, it will be paid on the basis of 1/30th of the *Monthly Benefit* for each day of *Disability*.
CDI-17AA

**Class 2**

**WHAT IS *YOUR BENEFIT* AND HOW IS IT CALCULATED?**
*We* will calculate *Your Monthly Benefit* amount as follows:
1. Multiply *Your Monthly Earnings* by 60%.
2. The maximum *Monthly Benefit* is $5,000.00.
3. Compare the answers from Item 1 and Item 2: The lesser of these two amounts is *Your* gross *Monthly Benefit*.
4. Deduct other sources of income from *Your* gross *Monthly Benefit*. The resulting figure is *Your* net *Monthly Benefit*.

*We* will pay the *Monthly Benefit* for each Month of *Disability* which continues after the *Elimination Period*. The *Monthly Benefit* will not be payable during the *Elimination Period* nor beyond the *Maximum Period Payable*.

If a benefit is payable for less than one month, it will be paid on the basis of 1/30th of the *Monthly Benefit* for each day of *Disability*.
CDI-17AA

### Class 3

### WHAT IS *YOUR BENEFIT* AND HOW IS IT CALCULATED?
*We* will calculate *Your Monthly Benefit* amount as follows:
1. Multiply *Your Monthly Earnings* by 50%.
2. The maximum *Monthly Benefit* is $1,500.00.
3. Compare the answers from Item 1 and Item 2: The lesser of these two amounts is *Your* gross *Monthly Benefit*.
4. Deduct other sources of income from *Your* gross *Monthly Benefit*. The resulting figure is *Your* net *Monthly Benefit*.

*We* will pay the *Monthly Benefit* for each Month of *Disability* which continues after the *Elimination Period*. The *Monthly Benefit* will not be payable during the *Elimination Period* nor beyond the *Maximum Period Payable*.

If a benefit is payable for less than one month, it will be paid on the basis of 1/30th of the *Monthly Benefit* for each day of *Disability*.
CDI-17AA

### Class 4

### WHAT IS *YOUR BENEFIT* AND HOW IS IT CALCULATED?
*We* will calculate *Your Monthly Benefit* amount as follows:
1. Multiply *Your Monthly Earnings* by 60%.
2. The maximum *Monthly Benefit* is $800.00.
3. Compare the answers from Item 1 and Item 2: The lesser of these two amounts is *Your* gross *Monthly Benefit*.
4. Deduct other sources of income from *Your* gross *Monthly Benefit*. The resulting figure is *Your* net *Monthly Benefit*.

*We* will pay the *Monthly Benefit* for each Month of *Disability* which continues after the *Elimination Period*. The *Monthly Benefit* will not be payable during the *Elimination Period* nor beyond the *Maximum Period Payable*.

If a benefit is payable for less than one month, it will be paid on the basis of 1/30th of the *Monthly Benefit* for each day of *Disability*.
CDI-17AA

### Class 1 & 2 & 3

### HOW DO *WE* DEFINE EARNINGS?
"*Monthly Earnings*" will equal the Monthly wage or salary that *You* were receiving from *Your* employer on the *Date of Disability*. It includes:
1. employee contributions made through a salary reduction agreement with *Your* employer to an IRC Section 401(k), 403(b), 501(c)(3), 457 deferred compensation plan, or any other qualified or non-qualified employee *Retirement Plan* or deferred compensation arrangement; and
2. amounts contributed to *Your* fringe benefits according to a salary reduction arrangement under an IRC Section 125 plan.

The Monthly wage or Salary that the Insured Employee was receiving from the Employer on the date the Disability began. It excludes overtime earnings, incentive pay, bonuses or other compensation, but it includes the monthly average of commissions paid to the Insured Employee by the Employer for less than 36 preceding 36 month period. If

the Insured Employee has worked for the Employer for less than 36 months, salary includes 75 percent of the monthly average of commissions paid during the period worked.

CDI-19AA

## Class 4

### HOW DO *WE* DEFINE EARNINGS?

*"Monthly Earnings"* will equal the Monthly wage or salary that *You* were receiving from *Your* employer on the *Date of Disability*. It includes:

1.  employee contributions made through a salary reduction agreement with *Your* employer to an IRC Section 401(k), 403(b), 501(c)(3), 457 deferred compensation plan, or any other qualified or non-qualified employee *Retirement Plan* or deferred compensation arrangement; and
2.  amounts contributed to *Your* fringe benefits according to a salary reduction arrangement under an IRC Section 125 plan.

The Monthly wage or Salary that the Insured Employee was receiving from the Employer on the date the Disability began. It excludes commissions, overtime earnings, incentive pay, bonuses or other compensation.

CDI-19AA

## Class 3 & Class 4

### WHAT ARE THE DEDUCTIBLE SOURCES OF INCOME?

The *Monthly Benefit* under this policy shall be reduced by:

1.  Disability benefits paid, payable, or for which there is a right under:
    a)  The Social Security Act, including any amounts for which *Your* dependents may qualify because of *Your Disability*;
    b)  Any Workers' Compensation or Occupational Disease Act or Law, or any other law which provides compensation for an occupational *Injury* or *Sickness*;
    c)  Occupational accident coverage provided by or through the Employer;
    d)  Any Statutory Disability Benefit Law;
    e)  The Railroad Retirement Act;
    f)  The Canada Pension Plan, Quebec Pension Plan or any other similar provincial disability or pension plan;
    g)  The Canada Old Age Security Act;
    h)  Any Public Employee Retirement System Plan or any State Teachers' Retirement System Plan, or any plan provided as an alternative to any of the above acts or plans.
2.  *Disability* benefits paid under:
    a)  Any group insurance plan provided by or through the Employer, and
    b)  Any sick leave or salary continuance plan provided by or through the Employer.
3.  Retirement benefits paid under the Social Security Act including any amounts for which *Your* dependents may qualify because of *Your* retirement.
4.  Retirement and disability benefits paid under a *Retirement Plan* provided by the Employer except for amounts attributable to *Your* contributions.
5.  Any No Fault Auto Motor Vehicle coverage.
6.  Disbursements received as a shareholder in a Subchapter S Corporation attributable to any period following the *Date of Disability*.

### Proration of Lump Sum Awards

If any benefit described above is paid in a single sum through compromise settlement or as an advance on future liability, *We* will determine the amount of reduction to *Your Monthly Benefit* as follows:

1.  *We* will divide the amount paid by the number of months for which the settlement or advance was provided; or
2.  If the number of months for which the settlement or advance was made is not known, *We* will divide the amount of the settlement or advance by the expected remaining number of months for which *We* will provide benefits for *Your Disability* based on the Proof of *Disability* which *We* have, subject to a maximum of 60 months.

CDI-20AA

## Class 1 & Class 2

### WHAT ARE THE DEDUCTIBLE SOURCES OF INCOME?

If the sum of the *Monthly Benefit* under the policy and the other benefits shown below exceed 60% of *Your Monthly Earnings*, the amount of the excess shall be deducted from the *Monthly Benefit*:

1. *Disability* benefits paid, payable, or for which there is a right under:
   a) The Social Security Act, including any amounts for which *Your* dependents may qualify because of *Your Disability*;
   b) Any Workers' Compensation or Occupational Disease Act or Law, or any other law which provides compensation for an occupational *Injury* or *Sickness*;
   c) Occupational accident coverage provided by or through *Your* Employer;
   d) Any Statutory Disability Benefit Law;
   e) The Railroad Retirement Act;
   f) The Canada Pension Plan, Quebec Pension Plan or any other similar provincial disability or pension plan;
   g) The Canada Old Age Security Act;
   h) Any Public Employee Retirement System Plan or any State Teachers' Retirement System Plan, or any plan provided as an alternative to any of the above acts or plans.
2. Disability benefits paid under:
   a) Any group insurance plan provided by or through the Employer, and
   b) Any sick leave or salary continuance plan provided by or through the Employer.
3. Retirement benefits paid under the Social Security Act including any amounts for which *Your* dependents may qualify because of *Your* retirement.
4. Retirement and *disability* benefits paid under a *Retirement Plan* provided by the Employer except for amounts attributable to *Your* contributions.
5. Any No Fault Auto Motor Vehicle coverage.
6. Disbursements received as a shareholder in a Subchapter S Corporation attributable to any period following the *Date of Disability*.

**Proration of Lump Sum Awards**
If any benefit described above is paid in a single sum through compromise settlement or as an advance on future liability, *We* will determine the amount of reduction to *Your Monthly Benefit* as follows:
1. *We* will divide the amount paid by the number of months for which the settlement or advance was provided; or
2. If the number of months for which the settlement or advance was made is not known, *We* will divide the amount of the settlement or advance by the expected remaining number of months for which *We* will provide benefits for *Your Disability* based on the Proof of *Disability* which *We* have, subject to a maximum of 60 months.
CDI-20AA

## WHAT OTHER SOURCES OF INCOME ARE NOT DEDUCTIBLE?
*We* will not reduce *Your Monthly Benefit* by any of the following:
1. deferred compensation arrangements such as 401(k), 403(b) or 457 plans;
2. credit disability insurance;
3. pension plans for partners;
4. military pension and disability income plans;
5. franchise disability income plans;
6. individual disability income plans;
7. a *Retirement Plan* from another Employer;
8. profit sharing plans;
9. thrift or savings plans;
10. individual retirement account (IRA);
11. tax sheltered annuity (TSA);
12. stock ownership plan.
CDI-21AA

## CAN *YOU* WORK AND STILL RECEIVE BENEFITS?
While *Disabled, You* may qualify for the Work Incentive Benefit.
CDI-22AA

## Work Incentive Benefit
A Work Incentive Benefit will be provided if *You* are *Disabled* and *Gainfully Employed* after the end of the *Elimination Period,* or after a period during which *You* received *Monthly Benefits*.

The Work Incentive Benefit will be calculated during the first 24 months of *Gainful Employment* as follows:
1. The *Monthly Benefit* amount and *Disability Earnings* amount will be added together and compared to *Monthly Earnings*.

2. If the total amount in Item 1 exceeds 100% of *Monthly Earnings*, the Work Incentive Benefit amount will be equal to the *Monthly Benefit* reduced by the amount of the excess.
3. If the total amount in Item 1 does not exceed 100% of *Monthly Earnings*, the Work Incentive Benefit will be equal to the *Monthly Benefit* amount.

After the first 24 months of *Gainful Employment*, the Work Incentive Benefit will be equal to the *Monthly Benefit* amount less 50% of *Disability Earnings*.

The Work Incentive Benefit will cease on the earliest of the following:   (1) the date *You* are no longer *Disabled;* or (2) the end of the *Maximum Period Payable*.
CDI-23AA

## Class 1 & Class 2

### WHAT IS THE MINIMUM *MONTHLY BENEFIT* PAYABLE UNDER THIS PROGRAM?
In no event will the *Monthly Benefit* payable for *Disability* be reduced to less than $75.00.   The Minimum *Monthly Benefit* does not apply if *You* are *Gainfully Employed*.
CDI-25AA

## Class 4

### WHAT IS THE MINIMUM *MONTHLY BENEFIT* PAYABLE UNDER THIS PROGRAM?
In no event will the *Monthly Benefit* payable for *Disability* be reduced to less than $50.00.   The Minimum *Monthly Benefit* does not apply if *You* are *Gainfully Employed*.
CDI-25AA

## Class 3

### WHAT IS THE MINIMUM *MONTHLY BENEFIT* PAYABLE UNDER THIS PROGRAM?
In no event will the *Monthly Benefit* payable for *Disability* be reduced to less than $50.00 or 15% of *Your Monthly Benefit* prior to the reductions stated above, whichever is greater.  The Minimum *Monthly Benefit* does not apply if *You* are *Gainfully Employed*.
CDI-25AA

### WHAT HAPPENS IF *YOUR* OTHER BENEFITS INCREASE?
The *Monthly Benefit*, after the reductions stated above, if any, will not be further reduced for subsequent cost-of-living increases which are paid, payable, or for which there is a right under any Deductible Source of Income shown above.
CDI-26AA

## Class 1 & Class 2 & Class 3

### HOW LONG WILL *YOU* RECEIVE BENEFITS UNDER THIS PROGRAM?
*We* send *You* a payment each month up to the maximum duration of benefit based on *Your* age at *Disability* so long as *You* continue to be *Disabled* according to the terms of the policy:

| Age at *Disability* | Maximum Period Payable |
|---|---|
| 61 years or younger | To Your 65th birthday |
| Age 62 | 42 months |
| Age 63 | 36 months |
| Age 64 | 30 months |
| Age 65 | 24 months |
| Age 66 | 21 months |
| Age 67 | 18 months |
| Age 68 | 15 months |
| Age 69 or older | 12 months |

CDI-27AA

**Class 4**

Age on Date *Disability* Commences
Before age 60

Maximum Period Payable
To the *Insured Employee's* 65th birthday

On or after age 60 but before age 65

To the later of the *Insured Employee's* 65th birthday or the date of the 36th monthly benefit payment.

On or after age 65 but before age 69

To the earlier of the *Insured Employee's* 70th birthday or the date of the 24th monthly benefit payment.

69 years or older

12 months

**WHAT HAPPENS IF *YOUR DISABILITY* RECURS?**
If *Disability* for which benefits were payable ends but recurs due to the same or related causes less than 6 months after the end of a prior *Disability*, it will be considered a resumption of the prior *Disability*. Such recurrent *Disability* shall be subject to the provisions of the policy that were in effect at the time the prior *Disability* began.

*Disability* which recurs more than 6 months after the end of a prior *Disability* are subject to:
1) a new *Elimination Period*;
2) a new *Maximum Period Payable*; and
3) the other provisions of the policy that are in effect on the date the *Disability* recurs.

*Disability* must recur while *Your* coverage is in force under the policy.
CDI-28AA

**WHAT ARE THE EXCLUSIONS AND LIMITATIONS UNDER THIS PROGRAM?**
The policy does not cover any loss caused by, contributed to, or resulting from:
CDIX-1AA

• declared or undeclared war or an act of either;
CDIX-2AA

• *Disability* beyond 24 months after the *Elimination Period* if it is due to a *Mental Disorder* of any type. Confinement in a *Hospital* or institution licensed to provide care and treatment for mental illness will not be counted as part of the 24-month limit;
CDIX-3AA

• a *Pre-existing Condition*;
CDIX-4AA

• attempted suicide, while sane or insane, or intentional self-inflicted *injury* or *sickness*;
CDIX-5AA

• commission of or attempt to commit an act which is a felony in the jurisdiction in which the act occurred.
CDIX-6AA

Benefits are not payable for any period during which You are confined to a penal or correctional institution if the period of confinement exceeds 30 days.
CDIX-12AA

17

Benefits for *Disabilities* due to occupational *Injury* or *Sickness* are provided by *Us* to the extent that benefits for such *Disabilities* exceed statutory benefit maximums. Benefits provided by *Us* for occupational *Injury* or *Sickness* are subject to the limits, conditions and provisions set forth in this policy.
CDIX-10BA12

## HOW ARE SUBSTANCE ABUSE CLAIMS HANDLED?
The policy does not cover any loss caused by or resulting from any substance abuse (drug or alcohol) related *Disability* beyond 24 months after the *Elimination Period*.

*You* must be participating in an appropriate treatment program. A treatment program is any substance abuse treatment program approved by the State.

The cost of the treatment program will be borne by *You,* or another group plan of *Your* Employer (such as a group health plan or Employee Assistance Program) if one is available and covers this type of treatment.

In no event will *Monthly Benefit* payments be made beyond the earlier of the date:
1. 24 *Monthly Benefit* payments have been made; or
2. *You* refuse to participate in an appropriate, available treatment program, or *You* leave the treatment program prior to completion; or
3. *You* are no longer following the requirements of *Your* treatment plan under the program; or
4. *You* complete the initial treatment plan, exclusive of any aftercare or follow-up services.

In no event will *Monthly Benefits* be payable beyond the *Maximum Period Payable*.
CDI-29AA

## WHEN WILL *YOUR* INSURANCE TERMINATE?
*Your* coverage will terminate on the earliest of the following dates:
1. the date the policy is terminated; or
2. the premium due date if the Employer fails to pay the required premium for *You*, except for an inadvertent error; or
3. the date *You:*
   (a) are no longer a member of a class eligible for this insurance, or
   (b) withdraw from the program, or
   (c) are retired or pensioned, or
   (d) cease work because of a leave of absence, furlough, layoff, or temporary work stoppage due to a labor dispute, unless *We* and the Employer have agreed in writing in advance of the leave to continue insurance during such period.

Termination will not affect a covered loss which began before the date of termination.
CDI-30AA

### Class 4

## WHAT ARE *YOUR* CONVERSION OPTIONS IF *YOU* END EMPLOYMENT?
If *You* end employment with *Your* Employer, *Your* coverage under the policy will end. *You* may be eligible to purchase insurance under the group conversion policy. To be eligible, *You* must have been insured under *Your* Employer's group plan for at least 12 consecutive months. *We* will consider the amount of time *You* were insured under *Our* plan and the plan it replaced, if any.

*You* must apply for insurance under the conversion policy, and pay the first (annual/semi-annual) premium within 31 days after the date *Your* employment ends.

*We* will determine the coverage *You* will have under the conversion policy. The conversion policy may not be the same coverage *We* offered *You* under the policy.

*You* are not eligible to apply for coverage under the group conversion policy if:
1. *You* are or become insured under another group long term disability plan within 31 days after *Your* employment ends;
2. *You* are *Disabled* under the terms of the policy;

18

3.  *You* recover from a *Disability* and do not return to work for *Your* Employer;
4.  *You* are on a leave of absence; or
5.  *Your* coverage under the policy ends for any of the following reasons:
    a)  the policy is canceled,
    b)  the policy is changed to exclude the group of employees to which *You* belong,
    c)  *You* are no longer in an eligible group,
    d)  *You* end *Your* working career or retire and receive payment from any Employer's *Retirement Plan,* or
    e)  *You* fail to pay the required premium under the policy.

CDI-32AA

## Class 1 & Class 2 & Class 3

### WHAT HAPPENS IF *YOU* DIE WHILE RECEIVING BENEFITS?

If *You* die after having received the benefit provided by the policy for at least 12 successive months and during a period for which benefits are payable, *We* will pay a Survivor Income Benefit. This benefit is equal to the amount *You were* last entitled to receive for the month preceding death.

The Survivor Income Benefit shall be payable on a monthly basis immediately after *We* receive written proof of *Your* death. It is payable for 6 months. The benefit shall accrue from *Your* date of death.

This benefit is payable to the beneficiary, if any, named by *You* under the policy. If no such beneficiary exists, the benefit will be payable in accordance with the TIME AND PAYMENT OF CLAIM provision.

CDI-33AA

### WHAT OTHER SERVICES ARE AVAILABLE TO *YOU* WHILE *YOU* ARE *DISABLED*?

If *You* are *Disabled* and eligible to receive *Disability* benefits under the policy, *We* will evaluate *You* for eligibility to receive any of the following. *We* will make the final determination for any of the following benefits or services.

### Worksite Modification Benefit

*We* will assist *You* and *Your* employer in identifying modifications *We* agree are likely to help *You* remain at work or return to work. This agreement will be in writing and must be signed by *You, Your* employer and *Us.*

When this occurs, *We* will reimburse *Your* employer for the cost of the modification, up to the greater of: 1) $1,500.00 or 2) 2 months of *Your* net *Monthly Benefit.*

### Vocational Rehabilitation Service

Rehabilitation services are available when *We* determine that these services are reasonably assumed to assist in returning *You* to *Gainful Employment.* Vocational Rehabilitation services might include one or more of the following:
1.  job modification;
2.  job retraining;
3.  job placement;
4.  other activities.

Eligibility for Vocational Rehabilitation Services is based upon *Your* education, training, work experience and physical and/or mental capacity. To be considered for rehabilitation services:
1.  *Your Disability* must prevent *You* from performing *Your Regular Occupation;*
2.  *You* must have the physical and/or mental capacities necessary for successful completion of a rehabilitation program, and
3.  There must be a reasonable expectation that rehabilitation services will help *You* return to *Gainful Employment.*

## Social Security Assistance

When necessary, *We* will provide an advocate for *You*, in applying for and securing Social Security *Disability* awards. When *We* determine that Social Security Assistance is appropriate for *You*, it is provided at no additional cost to *You*.

CDI-35AA

# WHAT OTHER BENEFITS ARE AVAILABLE?

CDIO-1AA

### Class 1 & Class 2

### PRESUMPTIVE DISABILITY

When *Injury* results in any of the Specific Losses listed below within 365 days after the date of the *Injury*, *We* will consider *You* to be *Disabled*. *You* shall be entitled to payment of the *Monthly Benefit* after the *Elimination Period*. This benefit is payable for the length of time stated below. Payment of the Presumptive Disability Benefit will cease on *Your* date of death.

| Specific Loss | Months Payable |
|---|---|
| Loss of both hands | 46 months |
| Loss of both feet | 46 months |
| Loss of the entire sight of both eyes | 46 months |
| Loss of one hand and one foot | 46 months |
| Loss of one hand and the entire sight of one eye | 46 months |
| Loss of one foot and the entire sight of one eye | 46 months |
| Loss of one hand | 23 months |
| Loss of one foot | 23 months |
| Loss of the entire sight of one eye | 15 months |
| Loss of the thumb and index finger of either hand | 12 months |

After payment of this Minimum Benefit, benefits may continue subject to the other provisions of the policy. If more than one loss results from any one *Injury*, *We* will pay only for that loss with the greatest number of Months Payable.

"Specific Loss" means, with respect to hand or foot, the actual, complete and permanent severance through or above the wrist or ankle joint; with respect to eye, the irrecoverable loss of the entire sight thereof; and with respect to thumb and index finger, the actual, complete and permanent severance through or above the metacarpophalangeal joints.

CDIO-10AA

## WHAT ARE THE CLAIM FILING REQUIREMENTS?
## Initial Notice of Claim

*We* ask that *You* notify *Us* of *Your* claim as soon as possible so that *We* may make a timely decision on *Your* claim. *Your* Employer can assist *You* with the appropriate telephone number and address of Our Claim Department. *You* must send *Us* written notice of *Your Disability* within 30 days of the *Date of Disability*, or as soon as reasonably possible. Notice may be sent to Our Claim Department, the CNA Home Office, CNA Plaza, Chicago, Illinois 60685 or given to Our Agent.

## Written Proof of Loss

Within 15 days of our being notified in writing of *Your* claim, *We* will supply *You* with the necessary claim forms. The claim form is to be completed and signed by *You*, *Your* Employer and *Your* Doctor. If *You* do not receive the appropriate claim forms within 15 days, then *You* will be considered to have met the requirements for written proof of loss if *We* receive written proof which describes the occurrence, extent and nature of loss.

**Time Limit for Filing Your Claim**
The time limit for filing Your claim is that You must furnish Us with written proof of loss within 90 days after the end of Your Elimination Period. The length of the Elimination Period is stated in the Summary of Benefits section of the policy. If it is not possible to give Us written proof within 90 days, the claim is not affected if the proof is given as soon as possible. However, unless You are legally incapacitated, written proof of loss must be given no later than 1 year after the time proof is otherwise due.

No benefits are payable for claims submitted more than 1 year after the time proof is due. However, You can request that benefits be paid for late claims if You can show that:
1. It was not reasonably possible to give written proof during the 1 year period, and
2. Proof of loss satisfactory to Us was given as soon as was reasonably possible.

**Proof of Disability**
The following items, supplied at Your expense, must be a part of Your proof of loss. Failure to do so may delay, suspend or terminate Your benefits:
1. The date Your Disability began;
2. The cause of Your Disability;
3. The prognosis of Your Disability;
4. Proof that You are receiving Appropriate and Regular Care for Your condition from a Doctor, who is someone other than You or a member of Your immediate family, whose specialty or expertise is the most appropriate for Your disabling condition(s) according to Generally Accepted Medical Practice.
5. Objective medical findings which support Your Disability. Objective medical findings include but are not limited to tests, procedures, or clinical examinations standardly accepted in the practice of medicine, for Your disabling condition(s).
6. The extent of Your Disability, including restrictions and limitations which are preventing You from performing Your Regular Occupation.
7. Appropriate documentation of Your Monthly Earnings. If applicable, appropriate, regular monthly documentation of Your Disability Earnings.
8. If You were contributing to the premium cost, Your employer must supply proof of Your appropriate payroll deductions.
9. The name and address of any Hospital or Health Care Facility where You have been treated for Your Disability.
10. If applicable, proof of incurred costs covered under other benefits included in the policy.

**Continuing Proof of Disability**
You may be asked to submit proof that You continue to be Disabled and are continuing to receive Appropriate and Regular Care of a Doctor. Requests of this nature will only be as often as We feel reasonably necessary. If so, this will be at Your expense and must be received within 30 days of Our request.

**Physical Examination**
At Our expense, We have the right to have a Doctor examine You as often as reasonably necessary while the claim continues. Failure to comply with this examination will suspend or terminate benefits, unless We agree You have a valid and acceptable reason for not complying.

**Authorization and Documentation You Will Be Asked to Supply**
1. You will be required to provide signed authorization for Us to obtain and release all reasonably necessary medical, financial or other non-medical information which support Your Disability claim. Failure to submit this information will deny, suspend or terminate Your benefits.
2. You will be required to supply proof that You have applied for other Deductible Income Benefits such as Workers' Compensation or Social Security Disability benefits, when applicable.
3. You will be required to notify Us when You receive or are awarded other Deductible Income Benefits. You must tell Us the nature of the income benefit, the amount received, the period to which the benefit

applies, and the duration of the benefit if it is being paid in installments.
CDI-36AA

## TIME AND PAYMENT OF CLAIM
As soon as *We* have all necessary substantiating documentation for *Your Disability* claim, *Your* benefit will be paid on a Monthly basis, so long as *You* continue to qualify for it.

*We* will pay benefits to *You* unless otherwise indicated.  If *You* die while *Your* claim is open, any due and unpaid *Disability* benefit will be paid to *Your* named beneficiary, if any.

If there is no surviving beneficiary, payment may be made, at *Our* option, to the surviving person or persons in the first of the following classes of successive preference beneficiaries: *Your*:  (1) *Spouse*; (2) children including legally adopted children; (3) parents; or (4) estate.

If any benefit is payable to an estate, a minor or a person not competent to give a valid release, *We* may pay up to $1,000 to any relative or beneficiary of *Yours* whom *We* deem to be entitled to this amount.  *We* will be discharged to the extent of such payment made by *Us* in good faith.
CDI-37AA

## CAN YOU ASSIGN YOUR BENEFITS?
*Your* benefits are not assignable, which means that *You* may not transfer *Your* benefits to anyone else.
CDI-38AA

## WHAT WILL HAPPEN IF A CLAIM IS OVERPAID?
A claim overpayment can occur when *You* receive a retroactive payment from a Deductible Source of Income; when *We* inadvertently make an error in the calculation of *Your* claim; or if fraud occurs.

In an overpayment situation, *We* will determine the method by which the repayment is made.  *You* will be required to sign an agreement with *Us* which details the source of the overpayment, the total amount *We* will recover and the method of recovery.  If *Monthly Benefits* are suspended while recovery of the overpayment is being made, suspension will also apply to the Minimum Monthly Benefit payable under the policy.

The overpayment amount equals the amount *We* paid in excess of the amount *We* should have paid under the policy.
CDI-39AA

## WHAT ARE THE UNIFORM PROVISIONS?
### Entire Contract; Changes
The policy, the Employer's application, *Your* certificate of coverage, and *Your* application, if any, and any other attached papers, form the entire contract between the parties.  No change in the policy is valid unless approved in writing by one of *Our* officers.  No agent has the right to change the policy or to waive any of its provisions.

### Statements on the Application
Any statement made by the Employer or *You*, except for fraudulent misstatements, is considered a representation and not a warranty.  A copy of the statement will be provided to the Employer or *You*, whoever made the statement.  No statement of the Employer will be used to void the policy after it has been in force for 2 years.  No statement of *Yours* will be used in defense of a claim after *You* have been insured for 2 years, except for fraudulent misstatements.

### Legal Actions
No legal action of any kind may be filed against *Us* :
1. within the 60 days after proof of *Disability* has been given; or
2. more than 3 years after proof of *Disability* must be filed, unless the law in the state where *You* live allows a longer period of time.

**Conformity with State Statutes**

If any provision of the policy conflicts with the statutes of the state in which the policy was issued or delivered, it is automatically changed to meet the minimum requirements of the statute.
CDI-40AA

**SUBROGATION / RIGHT OF REIMBURSEMENT**

When any claim payment is made, *We* reserve any and all rights to subrogation and/or reimbursement to the fullest extent allowed by statute and customary practice. Any party to this contract shall not perform any act that will prejudice such rights without prior agreement with *Us*.

*We* will bear any expenses associated with *Our* pursuit of subrogation or recovery.
CDI-41AA

**FRAUD**

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any material false information or conceals for the purpose of misleading information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and may subject such person to criminal and civil penalties. Such penalties include, but not limited to fines, denial or termination of insurance benefits, recovery of any amounts paid, civil damages, criminal prosecution and confinement in state prison.
CDI-42AA

**GENERAL PROVISIONS**

*We* have the right to inspect all of the Employer's records on the policy at any reasonable time. This right will extend until: (1) 2 years after termination of the policy; or (2) all claims under the policy have been settled, whichever is later.

The policy is in the Employer's possession and may be inspected by *You* at any time during normal business hours at the Employer's office.

The policy is not in lieu of and does not affect any requirements for coverage by Workers' Compensation Insurance.
CDI-43AA

**GLOSSARY**

*"Actively at Work"* or *"Active Work"* means the employee must be:
1.   working at the Employer's usual place of business, or on assignment for the purpose of furthering the Employer's business; and
2.   performing the *Material and Substantial Duties* of the *Insured Employee*'s *Regular Occupation* on a full-time basis.
CDID-1AA

*"Appropriate and Regular Care"* means that *You* are regularly visiting a *Doctor* as frequently as medically required to meet *Your* basic health needs.  The effect of the care should be of demonstrable medical value for *Your* disabling condition(s) to effectively attain and/or maintain *Maximum Medical Improvement*.
CDID-4AA

*"Date of Disability"* is the date *We* determine *Your Injury* or *Sickness* impairs *Your* ability to perform *Your Regular Occupation*.
CDID-5AA

*"Disability"* or *"Disabled"* means that *You* satisfy either the Occupation Qualifier or the Earnings Qualifier.
CDID-6AA

*"Disability Earnings"* is the wage or salary *You* earn from *Gainful Employment* after a *Disability* begins.  It does not include Social Security or any other *Disability* payment *You* receive as a result of *Your Disability*.
CDID-7AA

*"Doctor"* means a person legally licensed to practice medicine, psychiatry, psychology or psychotherapy, who is neither *You* nor a member of *Your* immediate family.  A licensed medical practitioner is a *Doctor* if applicable state law requires that such practitioners be recognized for purposes of certification of *Disability*, and the treatment provided by the practitioner is within the scope of his or her license.
CDID-8AA

*"Elimination Period"* means the number of calendar days at the beginning of a continuous period of *Disability* for which no benefits are payable.  The *Elimination Period* is shown in the *Summary of Benefits*.
CDID-9AA

*"Gainful Employment"* or *"Gainfully Employed"* means the performance of any occupation for wages, remuneration or profit, for which *You* are qualified by education, training or experience on a full-time or part-time basis, for the Employer or another employer, and which *We* approve and for which *We* reserve the right to modify approval in the future.
CDID-10AA

*"Generally Accepted Medical Practice"* or *"Generally Accepted in the Practice of Medicine"* means care and treatment which is consistent with relevant guidelines of national medical, research and health care coverage organizations and governmental agencies.
CDID-11AA

*"Hospital or Health Care Facility"* is a legally operated, accredited facility licensed to provide full-time care and treatment for condition causing *Your Disability*.  It is operated by a full-time staff of licensed physicians and registered nurses.  It does not include facilities which primarily provide custodial, educational or rehabilitative care.
CDID-12AA

*"Injury"* means bodily injury caused by an accident which results, directly and independently of all other causes, in *Disability* which begins while *Your* coverage is in force.
CDID-13AA

*"Insured Employee"* means an employee whose insurance is in force under the terms of the policy.
CDID-14AA

**"Male pronoun"** whenever used includes the female.
CDID-16AA

**"Material and Substantial Duties"** means the necessary functions of *Your Regular Occupation* which cannot be reasonably omitted or altered.
CDID-17AA

**"Maximum Medical Improvement"** is that level at which, based on reasonable medical probability, further material recovery from, or lasting improvement to, an *Injury* or *Sickness* can no longer be reasonably anticipated.
CDID-18AA

**"Mental Disorder"** means a disorder found in the current diagnostic standards in the American Psychiatric Association.
CDID-19AA

**"Monthly Benefit"** and **"Maximum Period Payable"** mean that benefit and those periods shown in the *Summary of Benefits* which apply to *You.*
CDID-20AA

**"Pre-existing Condition"** means a condition for which medical treatment or advice was rendered, prescribed or recommended within 3 months prior to *Your* effective date of insurance. A condition shall no longer be considered pre-existing if it causes *Disability* which begins after *You* have been insured under the policy for a period of 12 months.
CDID-21BA

**"Regular Occupation"** means the occupation that *You* are performing for income or wages on *Your Date of Disability.* It is not limited to the specific position *You* held with *Your* employer.
CDID-22BA

**"Retirement Plan"** means a plan which provides retirement benefits to employees and is not funded wholly by employee contributions.
CDID-24AA

**"Sickness"** means sickness or disease causing *Disability* which begins while *Your* coverage is in force.
CDID-26AA

**"Summary of Benefits"** means the summary which is a part of this certificate.
CDID-28AA

**"We"**, **"Our"** and **"Us"** mean the Continental Casualty Company, Chicago, Illinois.
CDID-29AA

**"You"**, **"Your"** and **"Yours"** means the employee to whom this certificate is issued and whose insurance is in force under the terms of the policy.
CDID-30AA

**ERISA**

**YOUR RIGHTS UNDER ERISA**

The following section contains information provided to *You* by the Plan Administrator of *Your* Plan to meet the requirements of the Employee Retirement Income Security Act of 1974. It does not constitute a part of the Plan or of any insurance policy issued in connection with the Plan. All inquiries relating to the following material should be referred directly to Your Plan Administrator.

### *SUMMARY PLAN DESCRIPTION*

**Name of Plan**
The Plan for which this Summary Plan Description is provided is known as the:

Dean Foods Company Group Disability Plan

**Maintenance of Plan**
The Plan is maintained by:

Dean Foods Company
3600 River Road
Franklin Park, IL  60131-2185

**Employer Identification Number and Plan Number**
The employer identification number (EIN) assigned by the Internal Revenue Service to the Plan sponsor is:

36-0984820

The Plan Number assigned by the Plan sponsor is:

502

**Type of Welfare Plan**
The Plan is a group disability plan.

**Administration of Plan**
The Plan is administered by the Plan Administrator through an insurance contract purchased from Continental Casualty Company.

**Plan Administrator**

Dean Foods Company
3600 River Road
Franklin Park,  IL  60131-2185

Hereinafter referred to as the Administrator. The Administrator and other Plan fiduciaries have discretionary authority to interpret the terms of the Plan and to determine eligibility for and entitlement to benefits in accordance with the Plan.

**Agent for Service of Legal Process**
The person designated as agent for service of legal process upon the Plan is:

Dean Foods Company
3600 River Road
Franklin Park,  IL  60131-2185

In addition, service of process may be made upon the Administrator.

**Eligibility and Benefits**
The Plan's requirements respecting eligibility for participation, the conditions pertaining to eligibility to receive benefits and description or summary of the benefits are listed in the certificate portion of this booklet.

**Circumstances Which May Affect Benefits**
Circumstances which may result in disqualification, ineligibility, denial, loss, forfeiture or suspension of any benefits are listed in the certificate portion of this booklet.

**Sources of Plan Contributions**
Contributions to the Plan are made by the employee.

**Medium for Providing Benefits**
Benefits under the Plan are provided in accordance with the provisions of Group Insurance Policy Number SR-83100917 issued by Continental Casualty Company, CNA Plaza, Chicago, Illinois, 60685.

**Date of End of Plan's Fiscal Year**
The date of the end of each year for purposes of maintaining the Plan's fiscal records is January 1.

**Claim Procedures**
1.    Presenting Claims for Benefits
      Claim forms may be obtained from: the Employer.

      Please see Your insurance certificate or booklet for the requirements of the Group Insurance Policy as to notice of claims.

2.    Claims Denial Procedure
      Any denial of a claim for benefits will be provided by the insurance company and consist of a written explanation which will include (i) the specific reasons for the denial, (ii) reference to the pertinent Plan provisions upon which the denial is based, (iii) a description of any additional information *You* might be required to provide and an explanation of why it is needed, and (iv) an explanation of the Plan's claim review procedure. *You, Your* beneficiary (when an appropriate claimant), or a duly authorized representative may appeal any denial of a claim for benefits by filing a written request for a full and fair review to the insurance company. In connection with such a request, documents pertinent to the administration of the Plan may be reviewed, and comments and issues outlining the basis of the appeal may be submitted in writing. *You* may have representation throughout the review procedure. A request for a review must be filed by 60 days after receipt of the written notice of denial of a claim. The full and fair review will be held and a decision rendered by the insurance company no longer than 60 days after receipt of the request for the review.

If there are special circumstances, the decision will be made as soon as possible, but not later than 120 days after receipt of the request for the review. If such an extension of time is needed, *You* will be notified in writing prior to the beginning of the time extension period. The decision after *Your* review will be in writing and will include specific reasons for the decision as well as specific references to the pertinent Plan provisions on which the decision is based.

**Statement of ERISA Rights**
The statement of ERISA Rights is required by federal law and regulation.

As a participant in this Plan *You* are entitled to certain rights and protections under the Employee Retirement Income Security Act of 1974 (ERISA). ERISA provides that all Plan participants shall be entitled to:

1. Examine, without charge, at the Administrator's office and at other specified locations, such as worksites and union halls, all Plan documents filed by the Plan with the U.S. Department of Labor, such as detailed annual reports and Plan descriptions.
2. Obtain copies of all Plan documents and other Plan information upon written request to the Administrator. The Administrator may make a reasonable charge for the copies.
3. Receive a summary of the Plan's annual financial report. The Administrator is required by law to furnish each participant with a copy of this summary annual report.

27

In addition to creating rights for Plan participants, ERISA imposes duties upon the people who are responsible for the operation of the employee benefit plan. The people who operate *Your* Plan, called "fiduciaries" of the Plan, have a duty to do so prudently and in the interest of *You* and other Plan participants and beneficiaries.

No one, including *Your* employer, *Your* union, or any other person, may fire *You* or otherwise discriminate against *You* in any way to prevent *You* from obtaining a welfare benefit or exercising *Your* rights under ERISA.

If *Your* claim for a welfare benefit is denied in whole or in part, *You* must receive a written explanation of the reason for the denial. *You* have the right to have the insurance company review and reconsider *Your* claim.

Under ERISA, there are steps *You* can take to enforce the above rights. For instance, if *You* request materials for the Plan and do not receive them within 30 days, *You* may file suit in federal court. In such a case, the court may require the Administrator to provide the materials and pay *You* up to $110 a day until *You* receive the materials, unless the materials were not sent because of reasons beyond the control of the Administrator. If *You* have a claim for benefits which is denied or ignored, in whole or in part, *You* may file suit in a state or federal court. If it should happen that Plan fiduciaries misuse the Plan's money, or if *You* are discriminated against for asserting *Your* rights, *You* may seek assistance from the U.S. Department of Labor, or *You* may file suit in a federal court. The court will decide who should pay court costs and legal fees. If *You* are successful, the court may order the person *You* have sued to pay the cost and fees. If *You* lose, the court may order *You* to pay these costs and fees, for example, if it finds *Your* claim is frivolous.

If *You* have any questions about *Your* Plan, *You* should contact the Administrator. If *You* have any questions about this statement or about *Your* rights under ERISA, *You* should contact the nearest Area Office of the Pension and Welfare Benefits Administration, U.S. Department of Labor, listed in *Your* telephone directory or the Division of Technical Assistance and Inquiries, Pension and Welfare Benefit Administration, U.S. Department of Labor, 200 Constitution Avenue, N.W., Washington, D.C. 20210.
ERISA



# Continental Casualty Company



INSURANCE IN TOUCH WITH BUSINESS

CNA Plaza                    A Stock Company
Chicago, Illinois 60685

## AMENDMENT RIDER # 12

**Group Insurance Policy No.  SR-83100917**

**Holder:  Dean Foods Company**

It is understood and agreed that the above listed Policy is amended in regards to the **Occupation Qualifier** and the **"Pre-existing Condition"** definition as follows:

**Class 1**

**Occupational Qualifier**

**"Disability"** means that during the *Elimination Period* and the following 24 months, *Injury* or *Sickness* causes physical or mental impairment to such a degree of severity that *You* are:
1. continuously unable to perform the *Material and Substantial Duties* of *Your Regular Occupation*; and
2. not working for wages in any occupation for which *You* are or become qualified by education, training or experience.

After the *Monthly Benefit* has been payable for 24 months, **"Disability"** means that *Injury* or *Sickness* causes physical or mental impairment to such a degree of severity that *You* are:
1. continuously unable to engage in any occupation for which *You* are or become qualified by education, training or experience; and
2. not working for wages in any occupation for which *You* are or become qualified by education, training or experience.

**Class 2, 3, and 4**

**Occupational Qualifier**

**"Disability"** means that during the *Elimination Period* and the following 12 months, *Injury* or *Sickness* causes physical or mental impairment to such a degree of severity that *You* are:
3. continuously unable to perform the *Material and Substantial Duties* of *Your Regular Occupation*; and
4. not working for wages in any occupation for which *You* are or become qualified by education, training or experience.

After the *Monthly Benefit* has been payable for 12 months, **"Disability"** means that *Injury* or *Sickness* causes physical or mental impairment to such a degree of severity that *You* are:
3. continuously unable to engage in any occupation for which *You* are or become qualified by education, training or experience; and
4. not working for wages in any occupation for which *You* are or become qualified by education, training or experience.

**"Pre-existing Condition"** means a condition for which medical treatment or advice was rendered, prescribed or recommended within 12 months prior to *Your* effective date of insurance. A condition shall no longer be considered pre-existing if it cause *Disability* which begins after *You* have been insured under the policy for a period of 12 months.

BG-140204-A

# Continental Casualty Company

 **CNA** INSURANCE IN TOUCH WITH BUSINESS

CNA Plaza                    A Stock Company
Chicago, Illinois 60685

In all other respects the Policy will remain the same.

This Amendment takes effect on June 1, 2002 at 12:01 A.M., Standard Time, at the address of the Holder.  It is hereby attached to and forms a part of the Policy.  It expires concurrently with the Policy, and is subject to all the definitions, conditions and provisions of the Policy not inconsistent with this Amendment.

With respect to the individual Certificates of Insurance, this Amendment will take effect on the date shown above for those individuals insured on that date, and will end concurrently with each Certificate.  In the event that an insured is not Actively Working on the date an increase in coverage would otherwise take effect, it will take effect

on the first day after the insured returns to Active Work for a period of 1 day.  For those insured subsequent to the effective date of this amendment, this Amendment will begin and end concurrently with each Certificate.

This Amendment has been duly executed by the undersigned.

## Dean Foods Company

BY: _____

TITLE: _____

DATE: _____

## Continental Casualty Company

*Bernard L. Hengebaugh*

Chairman of the Board

2

BG-140204-A

# Continental Casualty Company

 INSURANCE IN TOUCH WITH BUSINESS

CNA Plaza
Chicago, Illinois 60685

A Stock Company

## *RIDER # 11*

**Group Insurance Policy No.   SR-83100917**

**Holder:   Dean Foods Company**

In consideration of the payment of the premium for the policy to which this Rider is attached, it is hereby understood and agreed that employees of the following subsidiary are eligible for coverage:

**Dairy Express**

In all other respects the Policy will remain the same.

Payment of the additional premium for the above changes after the Holder's receipt of this Amendment is deemed acceptance of this Amendment, unless a written objection is received within 60 days after the Holder's receipt.

This Amendment takes effect on December 1, 2000 at 12:01 A.M., Standard Time, at the address of the Holder. It is hereby attached to and forms a part of the Policy. It expires concurrently with the Policy, and is subject to all the definitions, conditions and provisions of the Policy not inconsistent with this Amendment.

With respect to the individual Certificates of Insurance, this Amendment will take effect on the date shown above for those individuals insured on that date, and will end concurrently with each Certificate. For those insured subsequent to the effective date of this amendment, this Amendment will begin and end concurrently with each Certificate.

Signed for the Continental Casualty Company

*Bernard L. Hengelbaugh*

Chairman of the Board

BG-140205-A

# Continental Casualty Company

**CNA**  INSURANCE IN TOUCH WITH BUSINESS

CNA Plaza
Chicago, Illinois 60685

A Stock Company

## *RIDER # 10*

### Group Insurance Policy No.   SR-83100917

### Holder:   Dean Foods Company

In consideration of the payment of the premium for the policy to which this Rider is attached, it is hereby understood and agreed that employees of the following subsidiary are eligible for coverage:

**Berkeley Farms**

In all other respects the Policy will remain the same.

Payment of the additional premium for the above changes after the Holder's receipt of this Amendment is deemed acceptance of this Amendment, unless a written objection is received within 60 days after the Holder's receipt.

This Amendment takes effect on January 1, 2001 at 12:01 A.M., Standard Time, at the address of the Holder. It is hereby attached to and forms a part of the Policy. It expires concurrently with the Policy, and is subject to all the definitions, conditions and provisions of the Policy not inconsistent with this Amendment.

With respect to the individual Certificates of Insurance, this Amendment will take effect on the date shown above for those individuals insured on that date, and will end concurrently with each Certificate. For those insured subsequent to the effective date of this amendment, this Amendment will begin and end concurrently with each Certificate.

Signed for the Continental Casualty Company

*Bernard L. Hengelbaugh*
Chairman of the Board

1

BG-140205-A

# Continental Casualty Company

**CNA** INSURANCE IN TOUCH WITH BUSINESS

CNA Plaza
Chicago, Illinois 60685

A Stock Company

## AMENDMENT #9

**Group Insurance Policy No.   SR-83100917**

**Holder:   Dean Foods Company**

In consideration of the payment of the premium for the policy to which this Rider is attached, it is hereby understood and agreed that employees of the following subsidiaries are no longer eligible for coverage under this policy:

Coburg Dairy

H. Meyer Dairy Co.

Cream O' Weber

In all other respects the Policy will remain the same.

This Amendment takes effect on December 21, 2001 at 12:01 A.M., Standard Time, at the address of the Holder. It is hereby attached to and forms a part of the Policy. It expires concurrently with the Policy, and is subject to all the definitions, conditions and provisions of the Policy not inconsistent with this Amendment.

With respect to the individual Certificates of Insurance, this Amendment will take effect on the date shown above for those individuals insured on that date, and will end concurrently with each Certificate. In the event that an insured is not Actively Working on the date an increase in coverage would otherwise take effect, it will take effect on the first day after the insured returns to Active Work for a period of 1 day. For those insured subsequent to the effective date of this amendment, this Amendment will begin and end concurrently with each Certificate.

This Amendment has been duly executed by the undersigned.

**Dean Foods Company**

**Continental Casualty Company**

*Bernard L. Hengesbaugh*
Chairman of the Board

BY:

TITLE:

DATE:

1

BG-140204-A

**Attach this document to your policy**

# Continental Casualty Company

CNA   *INSURANCE IN TOUCH WITH BUSINESS*

CNA Plaza              A Stock Company
Chicago, Illinois 60685

### Rider #8

In consideration of the payment of the premium for the policy to which this Rider is attached, it is hereby understood and agreed that the following subsidiary is eligible for coverage under the Policy:

Custom Food Processors International, LLC

In all other respects, the policy remains the same.

Accepted by: _____

Title: _____

Date: _____

This rider takes effect on **January 1, 2000**, 12:01 A.M., Standard Time, at **the address of the Holder**; it expires concurrently with the policy to which it is attached and is subject to all the definitions, conditions and provisions of the policy not inconsistent herewith.

Attached to and made a part of Policy No. **SR-83100917** issued to **Dean Foods Corporation** by the CONTINENTAL CASUALTY COMPANY, General Office, Chicago, Illinois, but the same shall not be binding upon the Company unless countersigned by its duly authorized agent.

*Bernard L. Hengebaugh*
**Chairman of the Board**

*Jonathan Kanter*
**Secretary**

Countersigned by _____
                                **Licensed Resident Agent**

SRR-15288

Attach this document to your policy

# Continental Casualty Company

**CNA** INSURANCE IN TOUCH WITH BUSINESS

CNA Plaza          A Stock Company
Chicago, Illinois 60685

### Rider #7

In consideration of the payment of the premium for the policy to which this Rider is attached, it is hereby understood and agreed that the policy section "How is Premium Calculated?", is hereby amended to read as follows:

Premium is calculated by multiplying the total Insured Salary by .0045.  Do not include *Monthly Earnings* for any individual in excess of $_____ per Month in the premium calculation.

|         |          |
|---------|----------|
| Class I   | $25,000 |
| Class II  | $16,667 |
| Class III | $3,000  |
| Class IV  | $1,333  |

In all other respects, the policy remains the same.

Accepted by: _____

Title: _____

Date: _____

This rider takes effect on **June 1, 2001**, 12:01 A.M., Standard Time, at **the address of the Holder**; it expires concurrently with the policy to which it is attached and is subject to all the definitions, conditions and provisions of the policy not inconsistent herewith.

Attached to and made a part of Policy No.**SR-83100917** issued to **Dean Foods Company** by the CONTINENTAL CASUALTY COMPANY, General Office, Chicago, Illinois, but the same shall not be binding upon the Company unless countersigned by its duly authorized agent.

*Bernard L. Hengelbrugh*
**Chairman of the Board**

*Jonathan Kantor*
**Secretary**

Countersigned by _____
                        **Licensed Resident Agent**

SRR-15288

**Attach this document to your policy**

# Continental Casualty Company



CNA Plaza              A Stock Company                    *For All the Commitments You Make®*
Chicago, Illinois 60685

### Rider #6

In consideration of the payment of the premium for the policy to which this Rider is attached, it is hereby understood and agreed that the section, "Class 2, What Is Your Benefit And How Is It Calculated?" is amended as follows:

*We* will calculate *Your Monthly Benefit* amount as follows:
1. Multiply *Your Monthly Earnings* by 60%.
2. The maximum *Monthly Benefit* is **$10,000.00.**
3. Compare the answers from Item 1 and Item 2:  The lesser of these two amounts is *Your* gross *Monthly Benefit.*
4. Deduct other sources of income from *Your* gross *Monthly Benefit.*  The resulting figure is *Your* net *Monthly Benefit.*

*We* will pay the *Monthly Benefit* for each Month of *Disability* which continues after the *Elimination Period.*  The *Monthly Benefit* will not be payable during the *Elimination Period* nor beyond the *Maximum Period Payable.*

If a benefit is payable for less than one month, it will be paid on the basis of 1/30th of the *Monthly Benefit* for each day of *Disability.*
CDI-17AA

In all other respects, the policy remains the same.

Accepted by: _____

Title: _____

Date: _____

This rider takes effect on **June 1, 2001**, 12:01 A.M., Standard Time, at **the address of the Holder**; it expires concurrently with the policy to which it is attached and is subject to all the definitions, conditions and provisions of the policy not inconsistent herewith.

Attached to and made a part of Policy No. **SR-83100917** issued to **Dean Foods Company** by the CONTINENTAL CASUALTY COMPANY, General Office, Chicago, Illinois, but the same shall not be binding upon the Company unless countersigned by its duly authorized agent.

*Bernard L. Hengelbrugh*
**Chairman of the Board**

*Jonathan Kantor*
Secretary

Countersigned by _____
                                        Licensed Resident Agent

**Attach this document to your policy**

# Continental Casualty Company

**CNA**

CNA Plaza                    A Stock Company
Chicago, Illinois 60685

*For All the Commitments You Make®*

### Rider #5

In consideration of the payment of the premium for the policy to which this Rider is attached, it is hereby understood and agreed that all hourly, non-union employees of the following subsidiaries are made eligible for coverage under Class 2:

| | | |
|---|---|---|
| Dean Pickle, GA | Creamland Dairies, Inc., NM | Bell/Gandy's Dairy Products,TX |
| 800 First Ave., SE | 010 Indian School Road, NW | 201 University |
| P.O. Box 60 | P.O. Box 25067 (87125) | P.O. Box 2588 |
| Cairo, GA 31728 | Albuquerque, NM 87102 | Lubbock, TX 79406 |
| | | |
| Dean Pickle, NC | Reiter Dairy, OH | Reiter Dairy, OH |
| 354 N. Faison St. | 1415 W. Waterloo Road | 1961 Commerce Cir. |
| P.O. Box 158 | P.O. Box 3670 | P.O. Box 1381 (45501) |
| Faison, NC 28341 | Akron, OH 44314 | Springfield, OH 45504 |

In all other respects, the policy remains the same.

Accepted by: _____

Title: _____

Date: _____

This rider takes effect on **January 1, 2000**, 12:01 A.M., Standard Time, at **the address of the Holder**; it expires concurrently with the policy to which it is attached and is subject to all the definitions, conditions and provisions of the policy not inconsistent herewith.

Attached to and made a part of Policy No.**SR-83100917** issued to **Dean Foods** by the CONTINENTAL CASUALTY COMPANY, General Office, Chicago, Illinois, but the same shall not be binding upon the Company unless countersigned by its duly authorized agent.

*Bernard L. Hengebaugh*
**Chairman of the Board**

*Jonathan Kanton*
Secretary

Countersigned by _____
                            Licensed Resident Agent

SRR-15288

**Attach this document to your policy**

# Continental Casualty Company

**CNA**

*For All the Commitments You Make®*

CNA Plaza                    A Stock Company
Chicago, Illinois 60685

## Rider #4

In consideration of the payment of the premium for the policy to which this Rider is attached, it is hereby understood and agreed that the following are insured as Participating Agencies under Class 2:

Dean Foods North Central Division*
PO Box 6400
St. Paul, MN 55164

Ryans Foods**
PO Box 657
Richland Center, WI 53581

*Includes former Land O' Lakes employees in the following locations:

- Woodbury, MN - salaried/nonunion employees only
- Sioux Falls, SD - salaried/nonunion employees only
- Bismarck, ND - salaried/nonunion employees only
- Thief River Falls, MN - salaried/nonunion employees  & union employees only

** Includes former Land O' Lakes employees in the following locations:
- Richland Center, WI - salaried/nonunion employees only

In all other respects, the policy remains the same.

Accepted by: _____

Title: _____

Date: _____

**Attach this document to your policy**

# Continental Casualty Company



CNA Plaza
Chicago, Illinois 60685

A Stock Company

*For All the Commitments You Make®*

This rider takes effect on **January 1, 2001**, 12:01 A.M., Standard Time, at **the address of the Holder**; it expires concurrently with the policy to which it is attached and is subject to all the definitions, conditions and provisions of the policy not inconsistent herewith.

Attached to and made a part of Policy No. **SR-83100917** issued to **Dean Foods Company** by the CONTINENTAL CASUALTY COMPANY, General Office, Chicago, Illinois, but the same shall not be binding upon the Company unless countersigned by its duly authorized agent.

Bernard L. Hengebaugh
_____
**Chairman of the Board**

Jonathan Kantor
_____
**Secretary**

Countersigned by _____
**Licensed Resident Agent**

SRR-15288

Attach This Document to Your Policy

# Continental Casualty Company

**CNA**
*For All the Commitments You Make®*

CNA Plaza
Chicago, Illinois 60685

A Stock Company

## Rider #3

In consideration of the payment of the premium for the Policy to which this rider is attached, it is hereby understood and agreed that the next annual anniversary date will be <u>June 1, 2001</u> from which all future anniversary dates will be calculated.

In all other respects the policy remains the same.

Approved by: *Mary Ann Jack*

Title: *Corp. Welfare Benefits Administrator*

Date: *2-1-00*

This rider takes effect on April 1, 2000, 12:01 A.M., Standard Time, at the address of the Policyowner; it expires concurrently with the policy to which it is attached and is subject to all the definitions, conditions and provisions of the policy not inconsistent herewith.

Attached to and made part of Policy No. SR#83100917 issued to Dean Foods Company by the CONTINENTAL CASUALTY COMPANY, General Office, Chicago Illinois, but the same shall not be binding upon the Company unless countersigned by its duly authorized agent.

*Bernard L. Hengelbrough*
Chairman of the Board

*Jonathan Kanton*
Secretary

Countersigned by _____

SRR-15288

Licensed Resident Agent

Attach This Document to Your Policy

# Continental Casualty Company

**CNA**
For All the Commitments You Make®

CNA Plaza
Chicago, Illinois 60685

A Stock Company

## Rider #2

In consideration of the payment of the premium for the policy to which this rider is attached, it is hereby understood and agreed that the section How is Premium Calculated?, on page 6 of the policy is hereby amended to read as follows:

Premium is calculated by: Multiplying the total insured Salary by 0.0042. Do not include Salary for any individual in excess of _____ per month in the premium calculation for such insured Employee.

| | |
|---|---|
| Class I | $25,000 |
| Class II | $8,333 |
| Class III | $3,000 |
| Class IV | $1,333 |

In all other respects the policy remains the same.

Approved by: *Mary Cann Jack*

Title: *Corp. Welfare Benefits Administrator*

Date: 2-1-00

This rider takes effect on April 1, 2000, 12:01 A.M., Standard Time, at the address of the holder; it expires concurrently with the policy to which it is attached and is subject to all the definitions, conditions and provisions of the policy not inconsistent herewith. Attached to and made part of Policy No. SR#83100917 issued to Dean Foods, Inc. by the CONTINENTAL CASUALTY COMPANY, General Office, Chicago Illinois, but the same shall not be binding upon the Company unless countersigned by its duly authorized agent.

*Bernard L. Hengebaugh*
Chairman of the Board

*Jonathan Kanter*
Secretary

Countersigned by _____

Licensed Resident Agent

Attach This Document to Your Policy

# Continental Casualty Company

**CNA**

*For All the Commitments You Make*

CNA Plaza                    A Stock Company
Chicago, Illinois 60685

## Rider #1

In consideration of the payment of the premium for the policy to which this rider is attached, it is hereby understood and agreed that the following is insured as a Participating Agency under Class 2:

**Dean Pickle, GA**
**800 First Ave., SE**
**P.O. Box 60**
**Cairo, GA 31728**

**Dean Pickle, NC**
**354 N. Faison St.**
**P.O. Box 158**
**Faison, NC 28341**

**Bell/Gandy's Dairy Products, TX**
**201 University**
**P.O. Box 2588**
**Lubbock, TX 79406**

In all other respects the policy remains the same.

Approved by: *Mary Ann Jack*

Title: *Corp. Welfare Benefits Administrator*

Date: *2-1-00*

This rider takes effect on January 1, 2000, 12:01 A.M., Standard Time, at the address of the Policyowner; it expires concurrently with the policy to which it is attached and is subject to all the definitions, conditions and provisions of the policy not inconsistent herewith.

Attached to and made part of Policy No. SR#83100917 issued to Dean Foods Company by the CONTINENTAL CASUALTY COMPANY, General Office, Chicago Illinois, but the same shall not be binding upon the Company unless countersigned by its duly authorized agent.

*Bernard L. Hengelbuegh*
Chairman of the Board

*Jonathan Kantor*
Secretary

Countersigned by _____

SRR-15288                                    Licensed Resident Agent

# Continental Casualty Company

**CNA**
For All the Commitments You Make®

CNA Plaza    A Stock Company
Chicago, Illinois 60685

## NAMED AFFILIATE / SUBSIDIARY COMPANY RIDER

It is hereby understood and agreed that eligible employees of the following named affiliate and/or subsidiary company(ies) of the Employer are eligible for coverage under the Policy:

**Amboy of Michigan**
**Benton Harbor, MI**

**Amboy Specialty Foods**
**Dixon, IL**

**Barber Dairy**
**Birmingham, AL**

**Bell / Gandy Dairy Products**
**Lubbock, TX**

**Coburg Dairy**
**North Charleston, SC**

**Cream O' Weber (Plant)**
**Salt Lake City, UT**

**Creamland Dairies, Inc.**
**Albuquerque, NM**

**Dean Dairy Products**
**Sharpsville, PA**

**Dean Foods Company**
**Wayland, MI**

**Dean Foods Company**
**Rochester, IN**

**Dean Foods Company**
**Belvidere, IL**

**Dean Foods Company**
**Rockford, IL**

**Dean Foods Company**
**Rosemont, IL**

**Dean Foods Company**
**Pecatonica, IL**

**Dean Foods Company (Chemung)**
**Harvard, IL**

**Dean Foods Company (Milk Plant)**
**Huntley, IL**

**Dean Foods Company Corporation**
**Franklin Park, IL**

**Dean Foods Company of California**
**Buena Park, CA**

**Dean Foods Technical Center**
**Rockford, IL**

**Dean Milk Company, Inc.**
**Louisville, KY**

**DFC Transportation Company**
**Huntley, IL**

**DP&SP Co. ( Pilgrim Farms)**
**Plymouth, IN**

**DP&SP Co. (Atkins Pickle Co.)**
**Atkins, AR**

**DP&SP Co. (Aunt Jane Foods)**
**Croswell, MI**

**DP&SP Co. (Charles F. Cates & Sons)**
**Faison, NC**

**DP&SP Co. (Green Bay Food Co.)**
**La Junta, CO**

**DP&SP Co. (Green Bay Food Co.)**
**Green Bay, WI**

**DP&SP Co. (Pilgrim Farms)**
**Sanford, FL**

**DP&SP Co. (Schwartz Pickle Co.)**
**Chicago, IL**

**DP&SP Co. (W.B.Roddenberry Co., Inc.)**
**Cairo, GA**

**Fairmont Products**
**Belleville, PA**

**H. Meyer Dairy Company**
**Cincinnati, OH**

**Hillside Dairy, LLC**
**Cleveland Heights, OH**

**Liberty Dairy (Plant)**
**Evart, MI**

**Maplehurst Farms, Inc.**
**Indianapolis, IN**

**Marie's Salad Dressings**
**Thornton, IL**

**Mayfield Dairy Farms, Inc.**
**Athens, TN**

**McArthur Dairy**
**Sunrise, FL**

**Meadow Brook Dairy Company**
**Erie, PA**

**Meadows Distributing**
**Batavia, IL**

**Price's Creameries**
**El Paso, TX**

**Reiter Dairy**
**Akron, OH**

**Rods Food Products**
**City Of Industry, CA**

**Ryan Foods (Longlife)**
**Jacksonville, FL**

**Ryan Milk Company**
**Murray, KY**

**T.G. Lee Foods, Inc.**
**Orlando, FL**

**Verifine Dairy Products**
**Shebygan, WI**

**Wengert's Dairy**
**Lebanon, PA**

The Employer agrees to notify Us in writing of the acquisition of any new affiliate or subsidiary or the deletion of an existing affiliate or subsidiary no later than 30 days prior to the effective date of such occurrence.

This rider takes effect and expires on the same date and at the same time as the policy to which it is attached. This rider is subject to all the definitions, conditions and provisions of the policy not inconsistent herewith.

Attached to and made part of Policy No. **SR# 0083100917** issued to **Dean Foods Company** by the CONTINENTAL CASUALTY COMPANY, General Office, Chicago Illinois, but the same shall not be binding upon the Company unless countersigned by its duly authorized agent.

*Bernard L. Hengebaugh*

Chairman of the Board

*Jonathan Kanton*

Secretary

Countersigned by _____

R1-134015-A

Licensed Resident Agent